## THE PLANTERS' RICE-MILL COMPANY vs. OLMSTEAD & COMPANY.

1. Where the superintendent of a rice-mill company, wishing individually to borrow money from a firm, represented to them that he had certain rice on deposit in the mill of the company, and thereupon the firm agreed to advance a certain sum of money to him, provided he would issue a special receipt to them, by which the company acknowledged that it had in store a certain amount of rice belonging to the firm, and also an acknowledgment on the receipt, signed by the superintendent, that the firm held such receipt, the lending firm were put on notice to inquire as to the truth of the representations; and if in fact neither the borrower nor the lender had any rice in the mill, the company would not be liable to the lenders for the money advanced on such special receipt.

2. For the reasons stated in the cases of the *Planters' Rice-Mill Co. vs. The Merchants' National Bank of Savannah, and the same vs. The Southern Bank of the State of Georgia* (decided to-day), it is held that a recovery could be had against the company for money advanced to a third party upon a similar receipt and acknowledgment signed by the superintendent of the company, although such third party had no rice in the mill at the time.

(a) The judgment is reversed, with directions that so much thereof as embraces the amount of money advanced to the superintendent individually, be set aside, and that the balance, for money advanced to the third party, be allowed to stand.

March 25, 1887.

Principal and Agent. Fraud. Notice. Contracts. Before Judge HARDEN. City Court of Savannah. November Term, 1886.

Reported in the decision.

CHARLTON & MACKALL, for plaintiff in error.

DENMARK & ADAMS; JACKSON & WHATLEY, for defendants.

BLANDFORD, Justice.

This is one of a series of cases, the opinion in the others having just been delivered by the Chief Justice. In this case, one William T. Owen, the general superintendent of the Planters' Rice-Mill Company, wishing to borrow money, applied to Olmstead & Co., representing to them that individually he wished to borrow money, and that he had certain rice on deposit in the mill of this company. Thereupon, Olmstead & Co. agreed with him to advance a certain sum of money, provided he issued a special receipt to them, by which the mill company acknowledged that it had in store a certain amount of rice belonging to Olmstead & Co., and also an acknowledgment on that receipt, signed by the superintendent, the person who got the money, that Olmstead & Co. held that receipt.

1. The court below, under these facts, held that, notwithstanding Owen had in fact no rice in that mill, and that Olmstead & Co. had none in that mill, nevertheless the Planters' Rice-Mill Company was liable to Olmstead & Co. for the money they had advanced to Owen upon that special receipt. In this view of the court below we do not concur. We think that when Owen, the superintendent, wished to borrow money on his own account, and represented that he had this rice in the mill belonging to himself, it put Olmstead & Co. on notice to inquire whether that was the truth or not. They were dealing with him individually, and when they got him, as the superintendent of the Planters' Rice-Mill Company, to issue this receipt as superintendent, and to sign that acknowledgment as superintendent, they were bound to know whether there was any such rice in that mill or not. They were put upon notice. They were not dealing with the rice-mill company in its corporate capacity, nor with Owen as its agent; and we think this case is governed by the principle decided

by this court in the case of the *Savannah Bank and Trust Company vs. Hartridge,* 75 *Ga.* 149.   Owen could not deal with Olmstead & Company in two capacities, both as an individual and as superintendent of that company; and we do not think the company is bound by this receipt and acknowledgment of Owen ; and we think the recovery by Olmstead & Co. for the money they advanced to Owen on the receipt and acknowledgment thus obtained, was wrong, and it should be reversed and set aside.

2.  They also sued this company, at the same time and in the same action, for the money which they advanced to George Schley, upon a similar receipt and acknowledgment signed by Owen, the superintendent of the company. Schley had no rice in the mill at the time.   This receipt was similar in all respects to that issued in the other cases in which the opinion has just been delivered; and for the reason stated by the Chief Justice, we think that that part of the recovery, viz. the amount of money which they advanced to Schley upon that receipt, was proper and correct.

So we reverse this judgment, with directions that so much of the judgment as embraces the amount of money advanced to Owen be set aside, and that the balance of the judgment, for money advanced to Schley, be allowed to stand as the judgment of the court below.

Judgment reversed.